IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**GENEVA HAWTHORNE**                                                   **PLAINTIFF**

**V.**                                      **CIVIL ACTION NO.: 3:25-cv-268-MPM-RP**

**HIATT LAW GROUP ATL**                                         **DEFENDANT**

## AMENDED REPORT AND RECOMMENDATION

This matter is before the court *sua sponte* for consideration of dismissing the plaintiff's complaint for lack of subject matter jurisdiction. Because the plaintiff has failed to establish this court's subject matter jurisdiction in this case, it should be dismissed.

Federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). Absent jurisdiction conferred by statute or the Constitution, federal courts lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction does not exist. *Stockman v. Federal Election Com'n,* 138 F.3d 144, 151 (5th Cir. 1998). The term "subject matter jurisdiction" pertains to the court's authority over the category of the claim in suit. *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 577, 199 S.Ct. 1563, 143 L.Ed.2d 760 (1999). Subject matter jurisdiction must be established as a threshold matter, inflexibly and without exception. *Steel Co. v. Citizens for Better Env't,* 523 U.S. 83, 94-95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998). The court cannot assume that it has jurisdiction; rather,"the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by inference." *Getty Oil Corp. v. Ins. Co. of N.A.,* 841 F.2d 1254, 159 (5th Cir. 1988) (quoting *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 n.2

1

(5th Cir. 1983)). A federal court must raise lack of subject matter jurisdiction on its own when the issue appears. *Insurance Corp. of Ireland Ltd. v. Compagnie des Bauxites de Guinee,* 456 U.S. 694, 702, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982).

  The *pro se* plaintiff Geneva Hawthorne brings this action against the defendant, Hiatt Law Group ATL, seeking relief for the defendant's alleged failure to communicate with her, the executrix of the estate of Ray Bush, deceased, regarding one or more lawsuits in which the defendant represented Bush before he died. However, the plaintiff's complaint does not allege a valid basis for the court's jurisdiction. Although the complaint invokes the due process protections of the Fifth and Fourteenth Amendments, "[t]he Fifth Amendment applies only to the actions of the federal government," *Morin v. Caire*, 77 F.3d 116, 120 (5th Cir. 1996), and "[t]he Fourteenth Amendment applies only to state actors." *Mandawala v. Northeast Baptist Hospital, Counts 1, 2 and 11*, 16 F.4th 1144, 1153 (5th Cir. 2021). Because the complaint does not establish that the defendant is a federal or state government actor, the complaint's invocation of the Fifth and Fourteenth Amendments does not establish federal question jurisdiction under 28 U.S.C. § 1331. Likewise, because the complaint does not allege the citizenship of the parties or the amount in controversy, the complaint fails to establish diversity jurisdiction under 28 U.S.C. § 1332.

  On September 15, 2025, the court entered an order requiring the plaintiff to show cause, no later than September 29, 2025, as to why her complaint should not be dismissed for lack of subject matter jurisdiction. ECF 4. The order warned the plaintiff that if she fails to respond and show cause as ordered, her case would be dismissed. The plaintiff responded to the order, but her response simply restated the basic allegations of her complaint -- that she is the executrix

of Ray Bush's estate, and that she has been unable to get in touch with Mr. Hiatt, an attorney, to obtain information about cases in which in Mr. Hiatt represented Bush.  ECF 6.  Nothing in her response establishes the court's subject matter jurisdiction in this matter.   In a post-script to her response, the plaintiff stated, "I'm asking for 60 days," but for what she did not say.   In any event, more than 60 days have passed and the plaintiff has provided no additional information to the court.

Therefore, the undersigned RECOMMENDS that the plaintiff's complaint be DISMISSED for lack of subject matter jurisdiction.

Plaintiff is referred to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b), and L. U. Civ. R. 72(a)(3) for the appropriate procedure in the event he desires to file an objection to these findings and recommendations.   Objections are required to be (1) specific, (2) in writing, and (3) filed no later than February 16, 2026.  See 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b).   A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation by February 16, 2026 bars that party from: (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1998), and (2) appellate review, except on grounds of plain error, of unobjected-to proposed factual findings and legal conclusions accept by the district court. . . ."   *Douglass v. United States Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc) (citations omitted).

This, the 2nd day of February, 2026.

/s/ Roy Percy  
UNITED STATES MAGISTRATE JUDGE